IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02174-BNB

GREGORY DEAN ALBRIGHT,

    Plaintiff,

v.

STATE OF COLORADO, a State in the United States of America,
SEVENTEENTH JUDICIAL DISTRICT, a Political Subdivision of the State of Colorado,
    and
STEVE HARTLEY, Warden of the Arkansas Valley Correctional Facility,

    Defendants.

ORDER DENYING MOTION TO RECUSE AND
DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Gregory Dean Albright, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Albright attempted to initiate this action by filing *pro se* a document titled "Preamble of Complaint and Notification of Intended Action" (ECF No. 1) asserting jurisdiction pursuant to 42 U.S.C. §§ 1983, 1985, and 1986; and 28 U.S.C. §§ 1343, 1443, 2241, 2254, and 2201.

    In an order filed on August 20, 2012, I directed Mr. Albright to cure the deficiencies in this action by obtaining (with the assistance of his case manager or the facility's legal assistant) the Court-approved forms used in filing whatever type of action he was trying to initiate, together with the applicable instructions, which are available at www.cod.uscourts.gov. The August 20 order warned Mr. Albright that he may not assert civil rights claims and habeas corpus claims in the same action.

On October 9, 2012, after being granted an extension of time in which to cure the designated deficiencies, Mr. Albright paid the $350.00 filing fee (ECF No. 7). On October 22, 2012, he filed a sixty-three-page Complaint using only the cover page to the Court-approved complaint form for nonprisoner cases (ECF No. 12 at 1), and a forty-six-page pleading titled "Affidavit and Petition for Federal Intervention" (ECF No. 13).

On November 9, 2012, Mr. Albright filed two documents, titled "Affidavit and Petition for Recusal of Magistrate [Judge] Boland" (ECF No. 14) and "Notification to the Court of the Clerk Interference of the Court Process" (ECF No. 15). On November 16, 2012, he filed three letters, one each to Chief Judge Wiley Y. Daniel (ECF No. 16), the Clerk of the Court (ECF No. 17), and me (ECF No. 18). Mr. Albright is advised that Local Rule 77.2 of the Local Rules of Practice for this Court prohibits *ex parte* communications, such as letters, with judicial officers.

The Court must construe Mr. Albright's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the petition for my recusal will be denied, and Mr. Albright will be ordered to file an amended Prisoner Complaint.

First, I will address the November 9 document titled "Affidavit and Petition for Recusal of Magistrate [Judge] Boland" (ECF No. 14). In the recusal petition, Mr. Albright contends that at an event on December 15, 2011, sponsored by the Faculty of

Federal Advocates, I stated "that all prisoners [sic] litigation are [sic] frivolous." *Id.* at 1.[1] As a result of this alleged comment, Mr. Albright argues that I am prejudiced and biased toward prisoner litigation. He also disagrees with other aspects of my August 20 order to cure, such as my warning not to assert civil rights and habeas corpus claims in the same action. Mr. Albright seeks my recusal pursuant to 28 U.S.C. § 455 and 28 U.S.C. § 144.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based on personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). Rumor, speculation, opinions and the like do not suffice. *Id.* "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although I

---

[1] I recognize that I must accept the facts alleged in a proper supporting affidavit under 28 U.S.C. § 144 as true. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). My remark to the Faculty of Federal Advocates, however, was to quote Chief Justice Roberts' opinion in *Jones v. Bock*, 549 U.S. 199, 203 (2007), addressing prisoner litigation and noting that "[m]ost of these cases have no merit; many are frivolous." I have read the entirety of the Chief Justice's opinion in the case, of course, including that:

> Our legal system . . . remains committed to guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law. The challenge lies in ensuring that the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit.

*Id.*

3

must accept the facts alleged in a proper supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party.  *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988).  The moving party has a substantial burden "to demonstrate that the judge is not impartial."  *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Here, Mr. Albright has failed to satisfy the procedural requirements of § 144 in at least two crucial ways.  First, he has failed to file a supporting affidavit that is either sworn to or affirmed.  *United States v. Peltier*, 553 F. Supp. 886, 890 n.10 (D. N.D. 1982); *In re Beecher*, 50 F. Supp. 530, 531 (E.D. Wash. 1943).  In addition, there is no "certificate of counsel of record stating that [the supporting affidavit] is made in good faith."  28 U.S.C. § 144.  As the court noted in *Williams v. New York City Housing Authority*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003):

> A pro se party cannot supply a certificate of counsel.  For this reason, at least one court has concluded that a pro se plaintiff cannot bring an affidavit under 28 U.S.C. § 144.  *See Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996).  The court in *Robinson* noted that not only are the requirements of Section 144 strictly enforced, but the requirement for a certificate of counsel of record prevents abuse of the section's procedures. . . .  In addition, the court stated that parties proceeding pro se have other mechanisms available to them to guard against biased or prejudiced judges.  *Id.* (noting that 28 U.S.C. § 455 provides an equally applicable means of protest for pro se litigants).  [Plaintiff's] affidavit, which is submitted pro se and without a certificate of counsel of record, fails on this threshold matter.

*Accord Glass*, 849 F. 2d at 1267 (holding that "§ 144 requires an affidavit of bias and prejudice, which must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel").

4

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The goal of this provision is to avoid even the appearance of partiality.  *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).  Pursuant to § 455, I am not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted).  The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Albright's petition for my recusal is insufficient because it fails to show personal bias or prejudice.  Instead, he bases the recusal petition on a misinterpretation or false speculation.  The recusal petition fails to make any argument that would demonstrate an appearance of partiality.   In addition, the fact that Mr. Albright disagrees with aspects of my August 20 order to cure is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Therefore, the November 9 motion is denied to the extent Mr. Albright seeks my recusal.

Secondly, I have reviewed the pleadings (ECF Nos. 12 and 13) Mr. Albright filed on October 22 and find that they are deficient.  First, Mr. Albright may not file two different pleadings simultaneously in the same action.  He must present all of his claims and allegations in a single pleading.

In addition, the statutory basis for the claims Mr. Albright is asserting in this

action is not clear. Mr. Albright's claims apparently arise out of the revocation of his parole. It appears that Mr. Albright thinks he is asserting civil rights claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, and habeas corpus claims pursuant to 28 U.S.C. §§ 2241 and 2254. He also asserts jurisdiction pursuant to other statutes, i.e., 28 U.S.C. §§ 1443 and 2201. He seeks his release from prison and unspecified declaratory relief and money damages.

Claims under 28 U.S.C. § 2254 challenge the fact of an offender's state conviction or sentence, while claims asserted under 28 U.S.C. § 2241 challenge the execution of an inmate's sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence."). By contrast, claims arise under the civil rights laws if the offender is challenging the conditions of his confinement. *Id.* at 812; *see also Preiser v. Rodriguez*, 411 U.S. 475, 499, (1973) ("[A] § 1983 action is a proper remedy for a ... state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.")

To the extent Mr. Albright seeks to challenge his parole revocation or obtain his release from incarceration, his sole federal remedy is a writ of habeas corpus after he has exhausted state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 502 (1973). The Court will not consider the merits of any habeas corpus claims in this civil rights action. If, as it appears, Mr. Albright seeks in this action to overturn what he believes was an unlawful revocation of his parole, he must initiate a separate case by filing an application for a writ of habeas corpus on the proper form, and he must limit the

claims and supporting allegations to the reasons he believes his parole was unlawfully revoked.

Mr. Albright may proceed in this civil rights action on claims challenging the conditions of his confinement. Those claims arise under 42 U.S.C. §§ 1983, 1985, and 1986. The Court will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included in the amended complaint.

Thirdly, Mr. Albright fails to provide a short and plain statement of his civil rights claims as required by Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the pleader is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings

violate the requirements of Rule 8.

Mr. Albright provides a great deal of legal theory and argument, but when it comes to asserting his actual claims for relief he makes only vague and conclusory allegations that his rights have been violated. He fails to provide specific factual allegations that detail how his rights allegedly have been violated. In addition, Mr. Albright provides extensive discussion of issues that are not clearly relevant to this lawsuit. For example, Mr. Albright devotes considerable attention to his prostate cancer even though he does not appear to assert claims based on his medical treatment.

In order to comply with Rule 8, Mr. Albright must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* In particular, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*,

526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Albright should name as defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Albright must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisory officials, like Warden Steve Hartley, may not be held liable for the unconstitutional conduct of their subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created,

implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Albright may use fictitious names such as "John or Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Albright uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Finally, Mr. Albright may not sue the State of Colorado. The State of Colorado and its entities, such as the Seventeenth Judicial District, are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by Ellis v. University of Kansas Med. Ctr., 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). Therefore, the State of Colorado and the Seventeenth Judicial District are not proper parties to this action.

Mr. Albright, therefore, will be directed to file an amended complaint that sues the

proper parties, states his civil rights claims clearly and concisely, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.  It is Mr. Albright's responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

Accordingly, it is

ORDERED that the document titled "Affidavit and Petition for Recusal of Magistrate [Judge] Boland" (ECF No. 14) filed on November 9, 2012, is denied.  It is

FURTHER ORDERED that Mr. Albright file **within thirty (30) days from the date of this order** a single amended Prisoner Complaint that complies with the directives of this order.  It is

FURTHER ORDERED that the Mr. Albright shall obtain the Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in filing the amended complaint.  It is

FURTHER ORDERED that if Mr. Albright fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED November 26, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge