IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02174-BNB

GREGORY DEAN ALBRIGHT,

    Plaintiff,

v.

STATE OF COLORADO, a State in the United States of America,
SEVENTEENTH JUDICIAL DISTRICT, a Political Subdivision of the State of Colorado,
    and
STEVE HARTLEY, Warden of the Arkansas Valley Correctional Facility,

    Defendants.

---

ORDER OVERRULING OBJECTION

---

This matter is before the Court on the objection titled "Objection to Magistrate [Judge] Denial and Directives" (ECF No. 22) filed *pro se* on December 13, 2012, by Plaintiff, Gregory Dean Albright. Mr. Albright objects to Magistrate Judge Boyd N. Boland's order of November 26, 2012 (ECF No. 19), denying his motion to recuse and directing him to file within thirty days a single amended complaint that only asserts civil rights, not habeas corpus, claims; complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; alleges each Defendant's personal participation in the asserted constitutional violations; and sues the proper parties.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that Magistrate Judge Boland's order denying Mr. Albright's

motion to recuse and directing him to file an amended complaint is not clearly erroneous or contrary to law.

The Court notes Mr. Albright clarifies that his habeas corpus claims attack his conviction arising out of a state criminal case, No. 08CR2090, in the Seventh Judicial District, and not a parole revocation. Whether he is challenging his conviction or the revocation of parole, either challenge asserts habeas corpus claims, which Magistrate Judge Boland informed him in the November 26 order he may not do in a civil rights action. In addition, despite Mr. Albright's arguments to the contrary, he may not sue the State of Colorado or its entities for money damages, which he requests as relief in his amended complaint (ECF No. 12 at 20). Presumably, the amended complaint Magistrate Judge Boland has directed Mr. Albright to file will clarify these issues.

Contrary to his objections, Mr. Albright makes the unusual request that this action "at the most should be converted into a habeas corpus petition and $345.00 refunded," ECF No. 22 at 13, although the reasons he cites in support of this conversion are as unclear as the jurisdictional basis for this action. However, the "claims" Mr. Albright lists at the end of the objection, *id.* at 12, appear to be habeas corpus claims challenging his conviction and sentence.

If it is Mr. Albright's intent to challenge his conviction and sentence by asserting habeas corpus claims in this action instead of civil rights claims, then the single amended pleading he has been directed to file should be submitted on the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, and not the Court-approved form for filing a Prisoner Complaint. Mr. Albright must obtain the Court-approved form for filing an Application for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254, with the assistance of his case manager or the facility's legal assistant, along with the applicable instructions, at www.cod.uscourts.gov. If Mr. Albright decides to file a § 2254 application, he may not assert civil rights claims in that same application. The Court will not make a determination at this time as to the $350.00 filing fee Mr. Albright paid to pursue this action.

Accordingly, it is

ORDERED that the objection titled "Objection to Magistrate [Judge] Denial and Directives" (ECF No. 22) filed *pro se* on December 13, 2012, by Plaintiff, Gregory Dean Albright, is overruled. It is

FURTHER ORDERED that Mr. Albright file **within thirty (30) days from the date of this order** a single amended complaint that complies with the order of November 26, 2012, if he wishes to pursue civil rights claims. It is

FURTHER ORDERED that, if instead it is Mr. Albright's intent to challenge his conviction and sentence by asserting habeas corpus claims in this action instead of civil rights claims, then the single amended pleading he is directed to file should be submitted on the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, and not the Court-approved form for filing a Prisoner Complaint. It is

FURTHER ORDERED that, if he decides to pursue habeas corpus claims, Mr. Albright must obtain the Court-approved form for filing a Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, with the assistance of his case manager or the facility's legal assistant, along with the applicable instructions, at www.cod.uscourts.gov,

and use that form in submitting the single amended pleading. It is

FURTHER ORDERED that, if Mr. Albright decides to file a § 2254 application, he may not assert civil rights claims in that same application. It is

FURTHER ORDERED that the Court will not make a determination at this time as to the $350.00 filing fee Mr. Albright paid to pursue this action.

FURTHER ORDERED that, if Mr. Albright fails to file an amended pleading as directed within the time allowed, the complaint (ECF No. 12) and the action will be dismissed without further notice.

DATED at Denver, Colorado, this  28th  day of    December    , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court