IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02174-BNB

GREGORY DEAN ALBRIGHT,

    Applicant,

v.

RODGER WERHOLTZ, Colorado Department of Corrections Interim
      Executive Director, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

ORDER OF DISMISSAL

    Plaintiff, Gregory Dean Albright, was a prisoner in the custody of the Colorado Department of Corrections (DOC) incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado, when on August 16, 2012, he attempted to initiate this action by filing *pro se* a document titled "Preamble of Complaint and Notification of Intended Action" (ECF No. 1) asserting jurisdiction pursuant to 42 U.S.C. §§ 1983, 1985, and 1986; and 28 U.S.C. §§ 1343, 1443, 2241, 2254, and 2201.  According to the DOC website, www.doc.state.co.us and Mr. Albright's notice of change of address filed on May 1, 2013 (ECF No. 41), he currently is on parole.

    In an order filed on August 20, 2012, Magistrate Judge Boyd N. Boland directed Mr. Albright to cure the deficiencies in this action by obtaining (with the assistance of his case manager or the facility's legal assistant) the Court-approved forms used in filing whatever type of action he was trying to initiate, together with the applicable instructions, which were and still are available at www.cod.uscourts.gov.  The August 20

order warned Mr. Albright that he may not assert civil rights claims and habeas corpus claims in the same action. See ECF No. 3 at 1.

On October 9, 2012, after being granted an extension of time in which to cure the designated deficiencies, Mr. Albright paid the then-$350.00 filing fee (ECF No. 7). On October 22, 2012, he filed a sixty-three-page Complaint using only the cover page to the Court-approved complaint form for nonprisoner cases (ECF No. 12 at 1), and a forty-six-page pleading titled "Affidavit and Petition for Federal Intervention" (ECF No. 13).

On November 9, 2012, Mr. Albright filed two documents, titled "Affidavit and Petition for Recusal of Magistrate [Judge] Boland" (ECF No. 14) and "Notification to the Court of the Clerk Interference of the Court Process" (ECF No. 15). On November 16, 2012, he filed three letters, one each to then-Chief Judge Wiley Y. Daniel (ECF No. 16), the Clerk of the Court (ECF No. 17), and Magistrate Judge Boland (ECF No. 18).

On November 26, 2012, Magistrate Judge Boland entered an order (ECF No. 19) denying the recusal petition, advising Mr. Albright that Local Rule 77.2 of the Local Rules of Practice for this Court prohibits *ex parte* communications, such as letters, with judicial officers, and informing him that:

> (1) he may not file two different pleadings (ECF Nos. 12 and 13) simultaneously in the same action but instead must present all of his claims and allegations in a single pleading;
>
> (2) to the extent he seeks to challenge his parole revocation or obtain his release from incarceration his sole federal remedy is a writ of habeas corpus after he has exhausted state court remedies;
>
> (3) he must initiate the separate action by filing a

2

> habeas corpus application on the proper form; and
>
> (4) he must file in the instant action within thirty days a single amended Prisoner Complaint on the Court-approved form that sues the proper parties, complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and alleges the personal participation of each named Defendant.

ECF No. 19 at 6-11.

On December 13, 2012, after being granted an extension of time in which to comply with the directives of the November 26 order, Mr. Albright filed an objection (ECF No. 22) to the November 26 order. On December 28, 2012, the Court entered an order (ECF No. 23) overruling the objection, directing Mr. Albright to file a single amended complaint that complied with the November 26 order if he wished to pursue civil rights claims, giving Mr. Albright the option to file a single amended pleading submitted on the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 if he wished to challenge his conviction and sentence by asserting habeas corpus claims instead, and noting that if he did decide to pursue habeas corpus claims, the Court would make a determination when the curative pleading is filed as to the then-$350.00 filing fee Mr. Albright paid to pursue this action. Lastly, the December 28 order warned Mr. Albright that if he failed to file an amended pleading as directed within the time allowed, the Complaint (ECF No. 12) and the action would be dismissed without further notice.

On January 16, 2013, Mr. Albright appealed (ECF No. 24) from the December 28 order. On February 7, 2013, Magistrate Judge Boland entered a minute order (ECF No. 32) allowing Mr. Albright thirty days in which to file an amended complaint that complied

with the November 26 order. On February 26, 2013, the United States Court of Appeals for the Tenth Circuit dismissed Mr. Albright's appeal for lack of jurisdiction. *See* ECF No. 34.

Since the dismissal of his appeal, Mr. Albright has filed numerous documents, a number of which requested and were granted extensions of time to file an amended complaint that complied with the November 26 order. *See* ECF Nos. 36, 37, 39, 40, 41, 42, 43, 44. On May 29, 2013, Mr. Albright filed another objection (ECF No. 45) again asking for the recusal of Magistrate Judge Boland, which this Court previously had overruled on December 28, 2012 (ECF No. 23). Also on May 29, he filed a petition (ECF No. 46) for refund of the $345.00 he paid over the $5.00 filing fee for a habeas corpus action, a notification (ECF No. 47) that he currently was on parole and was going to submit an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 48). Because he failed to sign the documents and/or certificates of service for ECF Nos. 45, 46, 47, and 48, he filed a petition (ECF No. 49) to correct the error on June 18, 2013, and resubmitted documents 45, 45, 47, and 48 as ECF Nos. 50 (petition for refund of the $345.00 he paid over the $5.00 filing fee for a habeas corpus action), 51 (notification that he currently was on parole and was going to submit an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254), 52 (objection again asking for the recusal of Magistrate Judge Boland), and 53 (amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254).

The Court has reviewed the amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 53), and finds that it fails to comply with the

directives of the order of November 26, 2012, for an amended complaint, and the order of December 28, 2012, overruling Mr. Albright's objections to the November 26 order and specifically informing him that if he wanted to assert habeas corpus instead of civil rights claims, he should file a habeas corpus application pursuant to 28 U.S.C. § 2254 and not assert civil rights claims in the same application. The November 26 order lays out for Mr. Albright in detail the differences among § 1983 civil rights claims and §§ 2254 and 2241 habeas corpus claims.

The amended habeas corpus application (ECF No. 53) Mr. Albright filed on June 18, 2013, again asserts a purported § 1983 claim (ECF No. 53 at 24) after the Court repeatedly has directed Mr. Albright not to assert both habeas corpus and civil rights claims in the same action. Secondly, the forty-nine-page amended application is verbose, vague, and conclusory and, as a result, fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, as discussed in detail in the November 26 order. See ECF No. 19 at 7-9.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. See Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). As Mr. Albright was informed in the November 26 order (ECF No. 19 at 7-8), pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity

by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Section 2254 Rules, Mr. Albright must "specify all [available] grounds for relief" and he must "state the facts supporting each ground."  The Court notes that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Naked allegations of constitutional violations are not cognizable under § 2254.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  The amended application Mr. Albright filed on June 18 fails to meet these high standards.

Mr. Albright does not appear to demonstrate serious interest in litigating the merits of his claims.  Rather, he appears more interested in compounding this case and defying court orders by asserting both habeas corpus and civil rights claims in the same action.  In fact, Mr. Albright has extended the case for almost one year since filing, and he now is on parole.  Given Mr. Albright's refusal to comply with the directives of the November 26 and December 28 orders, no part of the $350.00 Mr. Albright tendered to initiate this lawsuit will be returned to him.  The amended application will be denied for failure to comply with the orders of November 26 and December 28.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis status* will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Albright files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 53) is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Gregory Dean Albright, to file within the time allowed an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that complied with the orders of November 26, 2012 (ECF No. 19), and December 28, 2012 (ECF No. 23).  It is

FURTHER ORDERED that the motions for refund (ECF Nos. 46 and 50) are denied.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  26th  day of   July  , 2013.

                BY THE COURT:

                 s/ Lewis T. Babcock  
                LEWIS T. BABCOCK  
                Senior Judge, United States District Court